UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

ROBERT WHEELER,

   Plaintiff,

vs.

LAKE ROUSSEAU RESORT, LLC, a Florida
limited liability corporation, and ALEXANDER
G. STEWART, an individual,

   Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, ROBERT WHEELER, ("WHEELER"), files this, his Complaint for Damages against Defendant, LAKE ROUSSEAU RESORT, LLC, a Florida limited liability company, (hereinafter 'LRR") and ALEXANDER G STEWART (hereinafter, "STEWART), and states as follows:

### INTRODUCTION

1.   This is an action minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), as well as minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

### JURISDICTION

2.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  At all times pertinent to this Complaint, the Defendant, LRR, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a recreational vehicle campground engaged

in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. During the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

4. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Middle District of Florida.

5. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

## VENUE

6. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida, and;

   b. Defendant is and continues to be a corporation doing business within this judicial district.

## PARTIES

7. At all times material hereto, Plaintiff, WHEELER were and residents of Crystal River, Citrus County, Florida, and were "employee[s]" of the Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant, LRR and STEWART were conducting business in Crystal River, Citrus County, Florida, with its principal places of business in that city.

9. At all times material hereto, Defendants were the employers of Plaintiff, WHEELER.

10. At all times material hereto, Defendants were and continue to be an "employer[s]" within the meaning of the FLSA.

11. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, WHEELER his lawfully earned wages in conformance with the FLSA and Florida law.

12. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

13. At all times material hereto, corporate Defendant, LRR was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, the work performed by Plaintiff, WHEELER was directly essential to the business performed by Defendants.

15. Plaintiff, WHEELER has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. On or about June 15, 2019, Plaintiff, WHEELER began working for the Defendants, LRR, as a maintenance man, landscaper and plumber at the Defendants' recreational vehicle campground.

17. Plaintiff, WHEELER's employment ended on or about February 14, 2020.

18. Defendants paid Plaintiff, WHEELER no hourly wage, even though the Plaintiff performed work for the Defendants' benefit.

19. Therefore, Plaintiff, WHEELER was paid below the minimum wage for every week of his employment as he received no wages at all.

20. Defendants knowingly and willfully operated its business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

21. Defendant, STEWART was an owner and/or supervisor who was involved in the day-to-day operations of LRR and/or was directly responsible for the supervision of Plaintiff during his employment. Therefore, STEWART is personally liable for the FLSA violations.

22. Defendant, STEWART was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

23. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

24. Plaintiff, WHEELER realleges Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Plaintiff's employment with the Defendants was to consist of a normal workweek for which he should have been compensated at or above the FLSA minimum wage.

26. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

27. Plaintiff, WHEELER received no wages at all for any of his work hours.

28. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully request against the Defendants:

    a.    judgment in his favor for all unpaid minimum wages due or payable;

    b.    liquidated damages;

    c.    attorney's fees and costs pursuant to the FLSA;

    d.    post-judgment interest;

    e.    Declaratory relief pursuant to the FLSA finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required by the Act; and

    f.    all other and further relief this Court deems to be just and proper.

COUNT II

<u>VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION</u>

<u>(FLORIDA MINIMUM WAGE AMENDMENT)</u>

29. Plaintiff realleges Paragraphs 1 through 23 as if fully stated herein.

30. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

31. During Plaintiff, WHEELER's' employment, Defendants willfully paid him less than the statutory minimum wage for all of his work hours, since he received no wages at all for any of his work hours.

32. WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing;

    c.    Awarding Plaintiff liquidated damages in the amount equal to his back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendant willfully violated Article X Fla. Const., and ordering Defendant to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 23, 2020.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        2699 Stirling Road, Suite-A304
        Hollywood, FL 33312
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: /s/. Peter Bober, Esq.
            PETER BOBER
            FBN: 0122955
            SAMARA BOBER
            FBN: 0156248