## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

ROBERT WHEELER,

    Plaintiff,

v.                                                 Case No.: 5:20-cv-00172

LAKE ROUSSEAU RESORT, LLC, a
Florida limited liability corporation, and
ALEXANDER G. STEWART, an individual,

    Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, MOTION TO STRIKE, AND COUNTERCLAIM

Defendant, Lake Rousseau Resort, LLC, ("Rousseau"), by and through the undersigned counsel, hereby answers Plaintiff's ("Wheeler") Complaint (Doc.1) and states the following affirmative defenses:[1]

    1.    Admitted that Wheeler represents this is an action for minimum wage compensation under the Fair Labor Standards Act and the Florida Minimum Wage Amendment. Otherwise, denied.

    2.    Admitted, for jurisdictional purposes only, otherwise denied.

    3.    Admitted Defendant Rousseau had annual gross revenue of not less than $500,000.00.

    4.    Admitted for jurisdictional purposes only.

    5.    Admitted for jurisdictional purposes only.

    6.    Admitted for venue purposes only.

---

[1] As of the filing of this Answer, Affirmative Defenses, Motion to Strike, and Counterclaim, Alexander Stewart had not been served with process. This responsive pleading is on behalf of Defendant, Lake Rousseau Resort, LLC, only.

7. Without knowledge of Wheeler's residence and therefore denied. In all other respects the allegations are denied.

8. Admitted that Rousseau conducted business in Crystal River, Citrus County, Florida; in all other respects denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Without knowledge and therefore denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Without knowledge and therefore denied.

**COUNT I**

24. Rousseau realleges its responses to Paragraphs 1 through 23.

25. Denied.

26. To the extent that Paragraph 26 alleges conclusions of law, Rousseau

neither admits nor denies those allegations because no response is required. Otherwise, denied.

27. Denied.

28. Denied as referenced contemporaneously herein; Defendant Rousseau moves to strike the claim for relief found in Paragraph 28(e).

## COUNT II

29. Rousseau realleges its responses to Paragraphs 1 through 23.

30. To the extent that Paragraph 30 alleges conclusions of law, Rousseau neither admits nor denies those allegations because no response is required. Otherwise, denied.

31. Denied.

32. Denied as referenced contemporaneously herein; Defendant Rousseau moves to strike the claim for relief found in Paragraph 32(g).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Rousseau. Wheeler fails to present facts of an employer/employee relationship alleging only conclusory statements.

### Second Affirmative Defense

Rousseau is entitled to a credit and/or set-off in the amount of all non-cash payments made to Wheeler, in the form of Employer-furnished board, lodging, or other facilities pursuant to 29 U.S.C. § 203(m) or unpaid rent due and owing. The same also applies to Wheeler's claim under Article X, § 24 of the Florida Constitution.

**Third Affirmative Defense**

To the extent Plaintiff prevails on the FLSA claim, Rousseau is entitled to a set-off in the amount of the unpaid rent due and owing from Wheeler for the period from August 28, 2019 through February 22, 2020. During that time period, Wheeler resided on Rousseau's lots as a paying guest. Wheeler was obligated to pay rent to Rousseau for that time period. Wheeler has not paid the rent for or otherwise compensated Rousseau for those days Wheeler stayed on Rousseau's lots as a paying guest. Accordingly, Rousseau is entitled to set off the value of that unpaid rent due and owing.

**Fourth Affirmative Defense**

At all times, Rousseau acted in good faith and had no reasonable grounds for believing that any alleged act or omission giving rise to this litigation was a violation of either the Fair Labor Standards Act or Florida law. Accordingly, Wheeler is not entitled to recover liquidated damages pursuant to 29 U.S.C. § 260 or Article X, § 24 of the Florida Constitution.

**Fifth Affirmative Defense**

Defendant would state that the Fair Labor Standards Act does not govern the relationship between Rousseau and Wheeler. The legal relationship between Rousseau and Wheeler was that of landlord and tenant, respectively, not that of employer and employee. Alternatively, Wheeler was an independent contractor in that he provided services to Rousseau to pay the dues owed for this campsite rental. In either case, the conduct alleged in the Complaint does not violate the Fair Labor Standards Act or Article X, § 24 of the Florida Constitution and Wheeler is not entitled to the remedy or relief sought therein.

**Sixth Affirmative Defense**

Wheeler is seeking to recover more than he is entitled to recover in this case. Rousseau conferred a benefit upon Wheeler by allowing him to work 20 hours per week as substitute performance for his obligation to pay rent to Rousseau. Wheeler voluntarily accepted and retained that benefit. It would be inequitable and unjust for Wheeler to simultaneously retain the benefit of not having to pay rent and the benefit of minimum wages pursuant to the FLSA and/or Article X, Section 24 of the Florida Constitution. Accordingly, the award of the judgment sought by Wheeler would unjustly enrich Wheeler.

**Reservation of Rights**

Rousseau reserves the right to amend these Defenses and/or Affirmative Defenses as the case progresses to include any additional defenses that may come to light during the course of discovery in this matter, based upon factual determinations, changes in applicable law, or otherwise deemed applicable through the discovery process.

**MOTION TO STRIKE PORTIONS OF THE COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Lake Rousseau Resort, LLC ("Rousseau"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), hereby moves to strike portions of the Complaint. In each of Counts I and II of the Complaint, Wheeler improperly seeks "declaratory relief … finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked." (Doc.1 at 5, 6). In support of the instant Motion, Defendant provides the following Memorandum of Law.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading any immaterial matter. "In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare *the rights and other legal relations of any interested party* seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a) (*emphasis* added). In order to properly plead entitlement to relief, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Wheeler's prayer for declaratory relief directed to employees *other* than Plaintiff is not supported by the averments in the Complaint. Wheeler only brings the instant minimum wage claims by and for himself. Wheeler has not alleged nor attempted to allege that employees other than Wheeler were not paid a minimum wage in violation of the FLSA or Article X, Section 24 of the Florida Constitution. Nor has Wheeler alleged or attempted to allege class representation of all employees who worked for Rousseau within the last five years. No employee other than Wheeler is an interested party over which the Court has the authority to issue a declaratory judgment. 28 U.S.C. § 2201(a). Accordingly, the employment (or lack thereof) of any employees other than Wheeler is entirely immaterial to the gravamen of Wheeler's claim: that Wheeler himself was not compensated above the minimum wage pursuant to the FLSA or Article X, Section 24 of the Florida Constitution.

WHEREFORE, Defendant Rousseau respectfully requests that this Court strike subsection (e) of the prayer for relief in Count I and subsection (g) of the prayer for relief in Count II.

## COUNTERCLAIM

Counter-Plaintiff, Lake Rousseau Resort, LLC ("Rousseau"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 13, hereby sues Counter-Defendant, Robert Wheeler ("Wheeler"), and alleges the following:

### JURISDICTION AND VENUE

1. Counter-Plaintiff Rousseau is a Florida limited liability company principally addressed at 12330 NW 71st St., Parkland, Florida 33076. Rousseau's business consists of leasing various RV lots in its RV park, located at 10811 N. Coveview Terrace, Crystal River, Florida 34428 (the "RV Park").

2. At all times material hereto, Counter-Defendant Wheeler was a natural person residing in Crystal River, Citrus County, Florida.

3. This Court has automatic supplemental jurisdiction over the instant Counterclaim pursuant to 28 U.S.C. § 1367(a), as both the Counterclaim and the Complaint arise from a common nucleus of operative fact. For that same reason, this Court also has automatic supplemental jurisdiction over the instant Counterclaim as a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13(a).

4. Venue for the instant Counterclaim properly lies in the Middle District of Florida, as the events giving rise to the Counterclaim and the Complaint occurred in Citrus County, Florida, which lies within the Middle District of Florida. 28 U.S.C. § 89(b).

**BACKGROUND**

5.      On or about July 2019 Wheeler approached Rousseau about renting space in Rousseau's RV Park. Subsequently Wheeler inquired as to whether he could work off the rent he would normally have to pay. Rousseau and Wheeler discussed the same and determined that twenty (20) hours of work per week would suffice to cover the rent that was owed.

6.      Pursuant to the above, Rousseau and Wheeler entered into a rental agreement for a week-to-week tenancy of certain lots in the RV Park.

7.      On or about July 24, 2019, Wheeler began to rent lots from Rousseau.

8.      On or about August 23, 2019, Wheeler entered into an Agreement with Rousseau to, in lieu of paying the rent and various utilities and amenities, work for 20 hours per week (the "Workcamper Agreement"). A blank copy of the Workcamper Agreement is attached hereto as Exhibit "A".[2] The Workcamper Agreement provides that, if Wheeler fails to fulfill his agreed 20 hours per week, then Rousseau will charge rent for the difference.

9.      On or about August 28, 2019, Wheeler began his substitute work for Rousseau pursuant to the Workcamper Agreement.

10.     Over the course of Wheeler's tenancy with Rousseau, Rousseau received numerous complaints from other RV Park guests about Wheeler's behavior. These complaints chiefly concerned Wheeler denigrating both the RV Park and Rousseau's management.

---

[2] Rousseau would attach hereto an executed copy of the Workcamper Agreement but cannot for the reasons stated in Paragraph 13 of this Counterclaim.

11. Pursuant to Wheeler's misconduct, Rousseau provided Wheeler with an Eviction Notice on or about February 18, 2020. The Eviction Notice is attached hereto as Exhibit "B". The Eviction Notice states (1) that Wheeler workcamper status ended on February 13, 2020; (2) that Wheeler's tenancy was terminated, effective February 26, 2020; and (3) that as of February 14, 2020, Wheeler would be considered a paying guest at a rent of $45 per night versus the normal weekly tenancy.

12. On or about February 22, 2020, Wheeler vacated the RV Park.

13. As he left the RV Park, Wheeler took with him Rousseau's only signed copies of the Rental Agreement and Workcamper Agreement. Wheeler took these Agreements without Rousseau's permission or assent, thus depriving Rousseau of their use.

14. All conditions precedent to this action have occurred, have been performed, have been excused, or have otherwise been waived. Rousseau is obligated to pay the undersigned reasonable attorneys' fees for the performance of services in this matter.

## COUNT I
### (Declaratory Judgment)

15. Rousseau realleges Paragraphs 1 through 14 as if set forth herein.

16. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Chapter 86, Florida Statutes, to determine and declare the legal relations between the parties.

17. Wheeler alleges in the Complaint that Rousseau has violated Federal and Florida minimum wage laws regarding work Wheeler performed pursuant to the Workcamper Agreement.

18. Rousseau understands that the relationship between the parties was, at all relevant times hereto, that of landlord and tenant through the Rental Agreement, and that any work performed by Wheeler was as an independent contractor for the purpose of offsetting both the rent due thereunder and other costs incidental to Wheeler's use and occupancy of Rousseau's lots.

19. As such, a genuine, bona fide, dispute exists between the parties as to whether the legal relationship between Rousseau and Wheeler was, at all times material hereto, one of landlord and tenant or one of employer and employee. Because of the present controversy, Rousseau is in need of declaratory relief and is without an adequate, certain, prompt, or complete remedy that would be efficient to attain the ends of justice in its prompt administration as would the relief requested herein.

WHEREFORE, Counter-Plaintiff Rousseau prays that this Court declare that the legal relationship between that of Rousseau and Wheeler is that of landlord and tenant and that Wheeler's work pursuant to the Workcamper Agreement was a substitute for Wheeler performing his obligation to pay rent under the Rental Agreement.

### COUNT II
### (Action to Recover Unpaid Rent)

20. Rousseau realleges Paragraphs 1 through 14 as if set forth herein.

21. This is an action to recover unpaid rent pursuant to § 83.55, Florida Statutes.

22. Wheeler resided on Rousseau's lots as a paying guest from February 14, 2020 to February 22, 2020. Wheeler was obligated to pay rent to Rousseau for that time period in the amount of $368.00.

23. Wheeler has not paid the rent for or otherwise compensated Rousseau for

those nine (9) days Wheeler stayed in the RV Park as a paying guest.

24. Accordingly, Wheeler is indebted to Rousseau for the unpaid rent, the loss of which has injured Rousseau.

WHEREFORE, Counter-Plaintiff Rousseau prays for judgment in its favor and against Counter-Defendant Wheeler for back-rent; post-judgment interest; costs; attorneys' fees, pursuant to § 83.48, Florida Statutes; and such other and further relief as this Court may deem just and proper.

## COUNT III
### (Action to Recover Unpaid Rent)

25. Rousseau pleads this Count in the alternative, pursuant to Federal Rule of Civil Procedure 8, in the event that the Court determines that the relationship between the parties was predominantly one of employer-employee and that the lodging credit in 29 U.S.C. § 203(m) does not apply.

26. Rousseau realleges Paragraphs 1 through 14 as if set forth herein.

27. This is an action to recover unpaid rent pursuant to § 83.55, Florida Statutes.

28. Wheeler and Rousseau entered into the Rental Agreement, a valid and enforceable agreement furnished by mutual consideration.

29. From August 28, 2019 to February 13, 2020, Wheeler was obligated to pay rent to Rousseau in the amount of $4,690.00.

30. Wheeler has not paid the rent for or otherwise compensated Rousseau for the rental of Rousseau's lots for the period from August 28, 2019 to February 13, 2020.

31. Wheeler's failure to pay the rent constitutes a material breach of the Rental Agreement.

32. Wheeler's material breach deprived Rousseau of rent, the loss of which has injured Rousseau.

WHEREFORE, Counter-Plaintiff Rousseau prays for judgment in its favor and against Counter-Defendant Wheeler for back-rent; post-judgment interest; costs; attorneys' fees, pursuant to § 83.48, Florida Statutes; and such other and further relief as this Court may deem just and proper.

### COUNT IV
### (Unjust Enrichment)

33. Rousseau pleads this Count in the alternative, pursuant to Federal Rule of Civil Procedure 8, in the event that the Court determines that no valid, enforceable agreement exists between the parties.

34. Rousseau realleges Paragraphs 1 through 14 as if set forth herein.

35. This is an action to recover the value of rent by which Counter-Defendant was unjustly enriched.

36. Wheeler rented lots from Rousseau from July 24, 2019 to February 22, 2020. In the period from August 28, 2019 to February 13, 2020, Rousseau allowed Wheeler to pay off his rent owed to Rousseau by performing independent contractor work on the premises.

37. Rousseau conferred a benefit upon Wheeler by allowing him to work 20 hours per week as substitute performance for his obligation to pay rent to Rousseau. At all times relevant hereto, the rental value of Rousseau's lot was greater than both the minimum wage and the value that Rousseau received from Wheeler's work. Wheeler owed Rousseau $4,690.00 in rent for the time period in question.

38. Wheeler voluntarily accepted, has retained, and currently retains the

benefit of not having paid the required $4,690.00 as Wheeler has not paid the rent for or otherwise fully compensated Rousseau for the period from August 28, 2019 to February 13, 2020.

39. It would be inequitable and unjust for Wheeler to simultaneously retain the benefit of not having to pay rent and the benefit of minimum wages pursuant to the FLSA and/or Article X, Section 24 of the Florida Constitution.

40. Accordingly, Wheeler was unjustly enriched to Rousseau's detriment.

WHEREFORE, Counter-Plaintiff Rousseau prays for judgment in its favor and against Counter-Defendant Wheeler for back-rent; post-judgment interest; costs; and such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Counter-Plaintiff demands a trial by jury on all issues so triable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of May, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Peter Bober, Esquire, and Samara Bober, Esquire, 2699 Stirling Road, Suite-A304, Hollywood, Florida 33312, peter@boberlaw.com, samara@boberlaw.com.

        CAMPBELL TROHN
        TAMAYO & ARANDA, P.A.

        */s/ Robert Aranda*
        Robert Aranda, Esq.
        Florida Bar No. 988324
        Edward B. Kerr
        Florida Bar No. 1018861
        1701 South Florida Avenue
        Lakeland, FL 33803

Tel: (863) 686-0043
Fax: (863) 616-1445
r.aranda@cttalaw.com
e.kerr@cttalaw.com
p.roop@cttalaw.com
Attorneys for Defendant/Counter-Plaintiff
Lake Rousseau Resort, LLC