UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT WHEELER,**

    Plaintiff,

v.                                                       Case No: 5:20-cv-172-JSM-PRL

**LAKE ROUSSEAU RESORT, LLC and
ALEXANDER G. STEWART,**

    Defendants.
_____

## ORDER

This Fair Labor Standards Act ("FLSA") matter is before the Court for consideration of Plaintiff's motion to compel responses to his first set of interrogatories and first request for production. (Doc. 33). Defendant Lake Rousseau Resort, LLC has responded. (Doc. 34). For the following reasons, Plaintiff's motion is due to be granted in part and denied in part.

### I.    LEGAL STANDARD

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D.

Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery on this issue, it is essential to determine what the purpose of the discovery is. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

## II. DISCUSSION

Plaintiff, Robert Wheeler, brings this action under the FLSA and the Florida Minimum Wage Amendment, Fla. Const. Art § Sec. 24 ("FMWA"). Plaintiff claims that he

was employed by Defendants, Lake Rousseau Resort, LLC ("Rousseau") and individual defendant Alexander G. Stewart, but that they failed to pay him minimum wages during his employment. Plaintiff alleges that Defendants operate a recreational vehicle ("RV") campground business and offer a variety of camping and leisure activities and amenities.

Plaintiff contends that "Defendants had a rather unorthodox way of compensating their workers. They just *didn't*." (Doc. 33, p. 2, emphasis in original). Plaintiff explains that in exchange for his labor, Defendants allowed Plaintiff to keep his vehicle on Defendants' property and provided some utilities. Plaintiff states that Defendants referred to Plaintiff as a "work camper," but argues that such an arrangement is prohibited by the FLSA and the FMWA because effectively Plaintiff was paid nothing.

Indeed, Plaintiff's motion to compel largely arises from a legal dispute that is at the heart of the case. Plaintiff contends that Defendants' "work camper" arrangement violates the FLSA and the FMWA. Meanwhile, Rousseau contends that the FLSA does not govern Rousseau's relationship with Plaintiff and therefore it does not have knowledge or records as detailed as if the FLSA recordkeeping requirements applied to the relationship. (Doc. 34, p. 3).

First, the Court will make the following general observations, and specific analysis of each disputed request will follow. As a general matter, under Rule 26, the Court observes that the parties would be entitled to discovery on any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case. Notwithstanding Rousseau's contentions, Plaintiff's claims are brought pursuant to the FLSA and the FMWA. As such, it stands to reason that all documents pertaining to Plaintiff's employment or (as Rousseau describes it) work camper agreement, including labor done and/or hours worked

by Plaintiff, compensation, and any deductions taken out of Plaintiff's compensation would be discoverable.

Also, as a general matter, Plaintiff alleges that Defendants' violations of the FLSA were willful. To this end, Plaintiff seeks discovery regarding other employees of Defendants as well as discovery regarding other individuals governed by the Work Camper Agreement. Rousseau has objected on grounds such as disproportionality and irrelevance, maintaining that this case is only about whether Plaintiff was an employee of Rousseau and, if so, whether Plaintiff was paid properly. Rousseau, however, fails to cite any case law in support of its objections.

Upon consideration, the Court agrees that, given Plaintiff's claims that the FLSA violations were knowing and willful, Plaintiff is entitled to discovery regarding Rousseau's relationships with other employees or workers. Despite objecting on the grounds of disproportionality, Rousseau has made no showing or assertion that providing the requested discovery regarding other employees of Defendants would be unduly burdensome. Plaintiff's specific requests will be discussed in further detail below.

**A. Interrogatory #2**

Plaintiff first moves to compel responses to Interrogatory #2, including Subparts 5, 6, 8, 19, 10, 11, and the final subpart. (Doc. 33, p. 3).

> Please list and fully detail for each calendar day and each calendar week, respectively, all information about Plaintiff that would ordinarily be required for workers under 29 C.F.R. § 516.2(a): (1) the occupation Plaintiff was engaged, (2) the time of day and day of week on which Plaintiff's workweek began, (3) the regular hourly rate of pay for any workweek in which overtime was due, (4) an explanation of the basis of pay showing the monetary amount paid on a per hour, per day, and per week, respectively, (5) the hours worked each workday, and each work week, respectively, (6) the total daily or weekly straight-time

earnings or wages due for hours working during the workday or workweek, exclusive of premium overtime compensation, (7) the total premium paid over and above straight-time earnings for overtime hours, (8) the total additions to or deductions from wages paid each pay period, including employee purchase orders or wages assignments, (9) the dates, amounts, and nature of the items that make up the total additions and deductions, (10), the total wages paid each pay period, (11) the date of payment and the pay period covered by the payment. In addition, state for each calendar day, the specific time of day when Plaintiff commenced work and ceased work, including therein – any minutes or hours of inactivity, rest or meal breaks (provide the start and stop time of any inactivity, rest or meal breaks). Please specifically identify all documents relied upon in your response.

(Doc. 33, p. 3-4).

Rousseau objects to this interrogatory on the basis that it "mistakes that 29 C.R.F. § 516.2(a) governs 'workers.'" Rousseau states that it has already provided a copy of the Verified Summary and the "Calendar of Dates and/or time Plaintiff worked pursuant to the Work Camper Agreement." Beyond that, Rousseau objects on the basis of disproportionality and irrelevance.

As explained in the general comments above, Plaintiff is entitled to the information requested in Interrogatory #2, Subparts 5, 6, 8, 9, 10, 11, and the final subpart. Defendant Rousseau shall answer these parts of the interrogatory to the best of its ability. If the answers cannot be ascertained because the information was not recorded, retained, or available, it should answer accordingly.

**B. Interrogatory # 5**

Please identify all persons who supervised the Plaintiff, as well as any person who worked as Work Campers during the time of the Plaintiff's working relationship with any of the Defendants (inclusive of persons no longer working), and describe each such person's job duties, total length of stay at or on your premises, their dates of their work, and their address, email address and telephone number. Please include the identities of individuals no

longer working with your company. Please specifically identify all documents relied upon in your answer.

(Doc. 33, p. 7).

Plaintiff seeks to compel information that was left unanswered by Rousseau due to objections based on disproportionality and irrelevance, specifically the information regarding any persons who worked as "Work Campers" during the time of Plaintiff's working relationship with any of the Defendants. The Court has little trouble concluding that the information requested is relevant to Plaintiff's claims. Moreover, Rousseau does not explain why it is disproportionate or burdensome, and common sense suggests it is not. Presumably, Defendants' RV resort is a single location with a modest number of employees. And, Plaintiff is only seeking the information for the time he had a working relationship with Defendants (identified by Rousseau as 8/28/2019 – 2/13/2020), a period of approximately six months. Rousseau is directed to fully answer this interrogatory to the best of its ability.

**C. Interrogatory #7**

Plaintiff next seeks to compel answers to Interrogatory #7, which states:

> During the time set forth in the Complaint, please identify ALEX STEWART's job duties, for each duty provide illustrative examples of the type of work performed, whether he was involved in day-to-day operations and management decisions of your company, and explain the types of duties performed. Please also describe also the frequency by which your company or its agents had contact with ALEX STEWART. In preparing such response and identify all documents referred to or relied upon in responding to such Interrogatory.

(Doc. 33, p. 9).

Rousseau provided a partial answer to this interrogatory, but failed to answer regarding Alex Stewart's job duties, illustrative examples of the type of work performed, whether he was involved in management decisions of the company, and the types of duties

performed. Rousseau also failed to answer regarding "the frequency by which your company or its agents had contact with Alex Stewart."

The Court agrees with Plaintiff that the answer was incomplete, and therefore, Rousseau is directed to fully answer this interrogatory.

### D. Interrogatory #8

> Identify the number of persons working on the Defendant's premises during the time period alleged in the Complaint, and for each, provide their name and contact information, their dates of work or employment, whether they were paid wages or monetary compensation (and if so, the amount) whether they were issued W-2s and 1099's (and if so, identify the years) and whether your company identified any benefits provided to such workers on your tax returns and schedules.

(Doc. 33, p. 9).

Rousseau only provided a partial answer to this question and answered only as to Plaintiff, Robert Wheeler. Rousseau provided no information about other persons working at Defendant's place of business, citing disproportionality and irrelevance.

In light of the nature of Plaintiff's claims and the allegation of willfulness, the Court deems this information relevant and discoverable. Rousseau is directed to fully answer this interrogatory and should do so as to any individuals employed or working in any capacity, including as work campers, during the relevant period.

### E. Interrogatory #9

> If you claim to have furnished Plaintiff with board, lodging, housing or other facilities: (a) state on what specific dates (and from whom) you determined the reasonable cost or fair value of that board, lodging, housing, or other facilities, (b) whether you sought a determination from the Department of Labor as to fair value or reasonable cost (and if so, the date), (c) provide an accounting of the value attached to the reasonable cost and fair value for food, board, lodging, housing or other facilities, along with the mathematical computation or methodology used for the

> determination (d) whether the board, lodging, housing or other facilities provided a benefit or convenience to you, (e) whether you have provided board, lodging, housing or other facilities for persons other than the Plaintiff (and if so, please state their name, address, telephone number, email address, along with the dates of the working relationship), (f) whether during the period of time either Plaintiff provided any services to any Defendant, you kept records reflecting the reasonable cost or fair value of board, lodging, housing or other facilities (and if so, the date of each record and its date of creation), and (g) whether on a work-week basis, you maintained records reflecting additions to wages or deductions from wages for board, lodging, housing or other facilities (if so, state the date of each records). Please identify each document or record relied upon for your response (by Bates Stamp Number), along with the date of creation for each document or record.

(Doc. 33, p. 11-12).

Plaintiff seeks to compel more complete answers to subparts C, E, and F, specifically regarding Defendant's reasonable cost, not the fair market value. The Court agrees that Rousseau must answer these subparts to the best its ability, including specifically the questions regarding reasonable cost. Rousseau is therefore directed to provide complete answers to Interrogatory #9.

### F. Requests for Production Generally (# 11, 18, 29, 31, 32 & 33)

Plaintiff also moves to compel documents requested in its Requests for Production. As a preliminary matter, as to numerous requests (Requests # 11, 18, 29, 31, 32 & 33), Plaintiff has moved to compel despite Rousseau's statement that "[a]s required by Federal Rule of Civil Procedure 34(b)(2)(C), Defendant states that it is not withholding responsive documents pursuant to this objection." (Doc. 33, p. 14-21). In light of this representation, it is unnecessary for the Court to resolve the various objections because no responsive documents are being withheld, and there is nothing to compel at this time. Plaintiff's motion to compel (Doc. 33) is due to be denied as to these requests.

**G. Request for Production #1**

> All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing the Plaintiff, his work schedules, work hours, wages, cash payments to him, salary, rate and method of pay, hours worked, arrival/departure from work, break taken, or any matters concerning him or his employment.

(Doc. 33, p. 13).

Rousseau objects to this request insofar as it seeks documents concerning "employment," and refers to the underlying issue in dispute in this case. While Rousseau did produce some documents pertaining to Plaintiff, it is unclear whether it produced all documents that would be responsive to the request.

Consequently, Rousseau is directed to provide all documents that are responsive to this request. Under the circumstances of this case, the Court is inclined to find that any and all documents in Defendants' possession pertaining to their relationship with Plaintiff are relevant and discoverable and should be produced, including particularly those specifically requested by this interrogatory, and irrespective of the parties' dispute regarding Plaintiff's status as an employee or work campers.

**H. Request for Production #12**

> Since 2018 to the present, all Work Camper Agreements signed by workers performing any work that benefited the Defendants.

(Doc. 33, p. 15).

Rousseau has objected to this request citing, again, disproportionality and irrelevance. For the reasons stated above, the Court finds that these documents are discoverable and therefore directs Rousseau to produce them in response to this request.

### I. Requests for Production #16 & #17

> Records reflecting the specific time Plaintiff commenced work each day.
>
> Records reflecting the specific time Plaintiff ceases work each day.

(Doc. 33, p. 15-16).

Rousseau has objected to these requests on the basis that they are duplicative of other requests and contends that documents already produced (such as the calendar reflecting work under the Work Camper agreement) are sufficiently responsive. As explained above in the discussion regarding Interrogatory # 1, this information is relevant, proportional, and discoverable. Rousseau is directed to produce any and all documents that are responsive to these requests.

### J. Requests for Production #22 & 23

> Any documents used to calculate the reasonable value of any food or other fringe benefits provided to Plaintiff.
>
> Any documents referencing or relating to your company determine the reasonable value of lodging or other benefits provided to the Plaintiff.

(Doc. 33, p. 17).

Plaintiff contends that Rousseau's responses are unresponsive because it provided nothing regarding "its reasonable cost," and instead only provided market retail charges. Rousseau replies that it properly responded and that the request specifically asked for "reasonable value." While Rousseau's argument is persuasive, the Court notes that

documents regarding Defendants' reasonable costs are discoverable and relate to Plaintiff's claims. Consequently, there is little value in quibbling about semantics. The parties are advised to work together in good faith and the interests of efficiency to supplement their discovery requests and or responses regarding this issue.

### K. Request for Production #25

> Any and all personnel guides, memos, emails, employee handbooks, supervisory manuals, and similar documents which describe, embody or otherwise reflect the Defendant's timekeeping policies, practices and procedures during the relevant time period.

(Doc. 33, p. 18).

Rousseau objects on the grounds of vagueness and refers to ambiguity as to the meaning of "employees" versus "workers." Rousseau's objections are overruled, and it is directed to produce all documents in its possession that are responsive to this request, including documents pertaining to personnel or workers of any kind, including employees, workers, and work campers.

### L. Attorney's Fees

Finally, the Court turns to the issue of attorney's fees, which are sought by both parties. Rousseau seeks an unspecified amount on the grounds that it was forced to incur attorney's fees in defending against baseless arguments. Plaintiff seeks $1,400 in attorney's fees for filing his motion ($400 lodestar rate x 3.5 hours).

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants a motion to compel, then the Court must require the respondent, the respondent's attorney, or both to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion. If, however, "the opposing party's nondisclosure, response or objection was substantially

justified" or "other circumstances make an award of expenses unjust," the court must not order payment. Fed. R. Civ. P. 37(a)(5)(A).

Here, the undersigned has granted Plaintiff's motion in part, but has also denied his motion in part. And, by raising issues in his motion to compel regarding Requests for Production # 11, 18, 29, 31, 32 & 33, Plaintiff subjected both Rousseau and the Court to an exercise in futility because Rousseau had already stated that it was not withholding any responsive documents as to those requests. The Court also observes that this issue, as well as others, may have been resolved with more robust efforts to comply with Local Rule 3.01(g).

In any event, the undersigned finds that any attorney's fees to which Plaintiff might have been entitled due to the partial granting of his motion are offset by those to which Defendant might be entitled due to the partial denial of the motion. These circumstances make an award of expenses unjust.

### III. CONCLUSION

Upon due consideration, Plaintiff's motion to compel (Doc. 33) is GRANTED in part and DENIED in part as set forth in this Order. Accordingly, Defendant Rousseau shall provide all supplementary answers to interrogatories and supplemental responses to requests to produce required by this Order on or before May 21, 2021.

**DONE** and **ORDERED** in Ocala, Florida on April 30, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties